**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Yasiel Yero-Sandrino,<br><br>Petitioner<br>v.<br><br>Todd Blanche, et al.,<br><br>Respondents | Case No.: 2:26-cv-02513-JAD-MDC<br><br>**Order Granting Habeas Petition and Ordering Petitioner's Release**<br><br>[ECF No. 18] |

Petitioner Yasiel Yero-Sandrino is a Cuban citizen who entered the United States in April 2021. He was ordered removed *in absentia* in 2022 and detained by Immigration and Customs Enforcement (ICE) agents in May 2026. Yero-Sandrino seeks release from immigration custody, contending that his removal is not reasonably foreseeable. The government does not respond to that argument. Because I find that Yero-Sandrino has met his initial burden to show that his removal is not likely in the reasonably foreseeable future and the government does not meet its shifted burden to show that it is, I grant Yero-Sandrino's petition and order his release.

**Background**

Yasiel Yero-Sandrino was born in Cuba and came to the United States in April 2021 seeking asylum.[1] He was processed as an expedited removal, but because he established a credible fear of being returned to Cuba, he was paroled into the United States and issued a notice to appear for immigration proceedings.[2] Yero-Sandrino was ordered removed *in absentia* on June 23, 2022, after he failed to appear for his immigration hearing.[3]

---

[1] ECF No. 8 at 13 (Yero-Sandrino's immigration records).

[2] *Id.* at 6.

[3] *Id.* at 10–11.

Yero-Sandrino was arrested by local law enforcement on May 22, 2026, on a burglary charge.[4] ICE issued an immigration detainer and took him into federal custody at the Henderson Detention Center on May 24th.[5] ICE acknowledged at that time that Yero-Sandrino's 2022 removal order was administratively final with no appeal, motion to reopen, or stay of removal pending before the Executive Office for Immigration Review or federal court.[6] On June 1, 2026, Yero-Sandrino's immigration attorney filed a motion to reopen and rescind the *in absentia* removal order, but an immigration judge (IJ) denied that motion.[7]

Yero-Sandrino filed a habeas petition seeking his release from immigration custody on August 13, 2026.[8] The Federal Public Defender was appointed as counsel and filed an amended petition on September 21, 2026.[9] Yero-Sandrino contends that he is being detained under 8 U.S.C. § 1231 because he has a final removal order and that his detention is unlawful because he has been held for too long with no indication that his removal is likely in the reasonably foreseeable future.[10] He also argues that immigration officials improperly revoked his order of supervision and that ICE's third-country-removal policy is unconstitutional.[11] The government responds only that Yero-Sandrino's detention is authorized by 8 U.S.C. § 1225(b).[12]

---

[4] *Id.* at 14, 16.

[5] *Id.* at 14.

[6] *Id.*

[7] *Id.* at 18–36.

[8] ECF No. 1.

[9] ECF No. 18.

[10] *Id.* at 5–7.

[11] *Id.* at 7–9.

[12] ECF No. 3.

## Discussion

**A. This court has jurisdiction over Yero-Sandrino's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[13] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[14]

**B. Yero-Sandrino has shown that he is entitled to relief on his prolonged-detention claim.**

***1. The government has authority to detain noncitizens after they have been ordered removed.***

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed. It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[15] During that 90-day period, detention is mandatory.[16] The statute gives the government the ability to detain a noncitizen beyond that 90-day removal period under § 1231(a)(6) if he is inadmissible; removable "as a result of violations of status requirements or entry conditions, violations of

---

[13] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[14] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[15] 8 U.S.C. § 1231(a)(1)(B).

[16] 8 U.S.C. § 1231(a)(2)(A).

criminal law, or reasons of security or foreign policy,"[17] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[18] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[19]

### *2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.*

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[20] To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[21] It determined that six months of post-removal-order detention is presumptively reasonable.[22] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[23] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[24] And as "the period of prior post-removal

---

[17] *Zadvydas*, 533 U.S. at 682.

[18] 8 U.S.C. § 1231(a)(6).

[19] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[20] *Id.* at 690.

[21] *Id.* at 699.

[22] *Id.* at 701.

[23] *Id.*

[24] *Id.*

confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[25]

### *3. Yero-Sandrino's detention is not presumptively reasonable because the government has shown no indication that it is trying to remove him.*

Yero-Sandrino's removal order became final in 2022, and he has been detained under that removal order since May 24, 2026. So he's been detained under § 1231 for approximately five months and 20 days. That's just within the six-month period that the Court in *Zadvydas* found presumptively reasonable. But, as many district courts have concluded, *Zadvydas* did not preclude detainees from challenging their detention before that six-month period elapses.[26] By creating a presumptively reasonable period, the Court left open the possibility that a noncitizen could rebut that presumption. *Zadvydas* ultimately instructed courts to ask whether a noncitizen's detention has "exceed[ed] a period reasonably necessary to secure removal."[27] In cases in which a noncitizen's removal is impossible, that period may end before the six-month presumptively reasonable period ends.[28]

I find that this is one of those cases. Yero-Sandrino has been subject to a removal order for more than four years, and the government has been unable to remove him during that time. The government does not contend that it is taking any steps to effectuate his removal to Cuba or any third country. Indeed, it doesn't engage in the *Zadvydas* analysis at all. Instead, it contends

---

[25] *Id.* (cleaned up).

[26] *See Vijani v. Mattos*, 2026 WL 560209 (D. Nev. Feb. 27, 2026); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) (noting that the "six-month presumption is not a bright line" and "*Zadvydas* did not automatically authorize all detention until it reaches its constitutional limits").

[27] *Zadvydas*, 533 U.S. at 699–700.

[28] *See Zavvar v. Scott*, 2025 WL 2592453, at *5 (D. Md. Sept. 8, 2025).

that Yero-Sandrino is subject to mandatory detention under § 1225(b).[29] But that statute provides detention authority for "applicant[s] for admission" who are "seeking admission" at the border.[30] It does not apply to noncitizens who have been issued a final removal order—only § 1231 governs that detention. And it is undisputed that Yero-Sandrino is subject to a removal order that became final four years ago, so his detention is governed by § 1231(a), not § 1225(b). Because the government doesn't make any argument, let alone present evidence to show, that Yero-Sandrino's removal to Cuba or any other country is significantly likely in the reasonably foreseeable future, I grant his petition on this claim and order his release.[31]

## Conclusion

IT IS THEREFORE ORDERED that Yasiel Yero-Sandrino's amended habeas petition **[ECF No. 18] is GRANTED**. **Petitioner Yasiel Yero-Sandrino must be released from detention within three days, subject to reasonable conditions of supervision. Imposition of those conditions must not impede Yero-Sandrino's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Yero-Sandrino's release at least 24 hours before the release is set to occur, and

(2) within five days of this order, notice that Yero-Sandrino's release was effectuated.

---

[29] ECF No. 21.

[30] 8 U.S.C. § 1225(b)(2)(A); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1169 (9th Cir. 2026) (explaining the distinctions between immigration-detention statutes).

[31] I do not address Yero-Sandrino's claim regarding improper revocation of his supervision order because release on his first claim affords him full relief. And I don't address his third-country-removal claim because he has not shown that he is likely to be subject to removal to a third country.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Yasiel Yero-Sandrino absent proof that his removal to a specific country is reasonably foreseeable.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 13, 2026